IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT D. HEMSLEY,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br>Civil Case No. 2:07-CV-179 TS<br><br>Criminal Case No. 2:02-CR-87 TS |

This matter is before the Court on Petitioner's Motion to Vacate Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1]  Petitioner is proceeding *pro se* in this matter.  Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255.  Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:07-CV-179 TS, Docket No. 1.

I.  BACKGROUND

On February 6, 2002, Petitioner and several others were named in a six-count Indictment for drug and firearm offenses.[2]  On February 26, 2003, Petitioner pleaded guilty to two counts contained in the Felony Information.[3]

Defendant was sentenced on December 8, 2003.  At sentencing, the Court determined that Petitioner's appropriate offense level was 35.  To reach this conclusion, the Court converted the quantities of chemicals found in Petitioner's home to marijuana equivalents.  The Court converted: 174.8 grams of pseudoephedrine to 1,748 kilograms of marijuana; 11.9 grams of actual methamphetamine to 238 kilograms of marijuana; and 41 grams of a substance containing methamphetamine to 8.2 kilograms of marijuana.  The Court then converted the 2,324.7 grams of iodine found, using a 33% conversion ratio, to determine how much methamphetamine could be produced from the iodine.  The Court found that 767.2 grams of methamphetamine could be produced.  That amount was then converted to its marijuana equivalency of 15,344 kilograms. These amounts were then added together for a total of 15,590.2 kilograms.  This placed Petitioner at a base offense level of 36.

The Court then applied a two-level enhancement for possession of a firearm, a six-level enhancement for creating a substantial risk of harm to the life of a minor, and a three-level enhancement for being the manager or supervisor of the criminal activity, bringing the offense level to 47.  The Court then accounted for several reductions: a three-level reduction for acceptance of responsibility; a two-level reduction for successful post-offense rehabilitation; and

---

[2]Case No. 2:02-CR-87, Docket No. 1.

[3]Case No. 2:02-CR-87, Docket No. 200.

a seven-level reduction for providing material assistance to the government. This brought the total offense level to 35. This placed Petitioner's sentence in a range of 188 to 235 months. The Court sentenced Petitioner to a low-end sentence of 188 months followed by 60 months of supervised release.

On December 15, 2003, Petitioner filed a Notice of Appeal.[4] On direct appeal, Petitioner argued: (1) that the Court erred in adopting a 33% iodine-to-methamphetamine conversion ratio in its drug quantity calculations; and (2) that the Court committed a *Booker* error in fact finding that increased his sentence. On December 30, 2005, the Tenth Circuit Court of Appeals affirmed Petitioner's sentence.[5] On March 26, 2007, Petitioner timely filed his § 2255 Motion.[6]

## II. DISCUSSION

Petitioner raises three arguments in this Motion: (1) counsel was ineffective for failing to object to the conversion ratio used by the Court and failing to raise a *Booker* objection; (2) his Sixth Amendment rights were violated when the Court found certain facts that resulted in a nine-level increase in offense level; and (3) his sentence is void under a recent Supreme Court decision.

A.    INEFFECTIVE ASSISTANCE

1.    *Standard*

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel,

---

[4]Case No. 2:02-CR-87, Docket No. 377.

[5]Case No. 2:02-CR-87, Docket No. 408.

[6]Case No. 2:07-CV-179 TS, Docket No. 1.

[Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[7]

To successfully claim ineffective assistance then, Petitioner must show two things:  First, that Counsel functioned deficiently.[8]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[9] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[10] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[11]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[12]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[13]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[14]  Finally, there is "a strong presumption that counsel

---

[7]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[8]*Strickland*, 466 U.S. at 687.

[9]*Id*.

[10]*Id*.

[11]*Id*.

[12]*Id*.

[13]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[14]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

4

provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[15]

   2.   *Analysis*

      a.   *Conversion Ratio*

Petitioner first asserts that counsel was ineffective in failing to object to the iodine-to-methamphetamine conversion ratio adopted by the Court.  Petitioner's argument fails as he cannot show that he was prejudiced by counsel's failure to object.  The Court based its determination to adopt the conversion ratio on the report of the Probation Office and information received from the DEA representative.  Further, the Tenth Circuit held that there was no plain error in the Court adopting such a conversion ratio.  For these reasons, Petitioner has not and cannot show that his counsel's failure to object to the use of the conversion ratio prejudiced him in any way.  As a result, Petitioner's claim on this point is without merit.

      b.   Booker *Claims*

Petitioner also alleges that his counsel was ineffective for failing to raise a *Booker* objection during sentencing.  At sentencing, the Court found by a preponderance of the evidence the following facts which increased Petitioner's sentence: (1) the offense created a substantial risk of harm to a minor child; (2) the conversion of iodine to methamphetamine; and (3) Petitioner was the manager or supervisor of criminal activity involving at least five persons.  On appeal, the Tenth Circuit held that such findings constituted error under *Booker*, but went on to

---

[15]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

5

affirm the sentence stating that "there is no unfairness in denying Mr. Hemsley a second opportunity to challenge the factual support for the sentencing enhancements."[16]

As noted above, Petitioner was sentenced on December 8, 2003. *Booker*, however, was not decided until January 12, 2005. The Court simply cannot find that Petitioner's counsel fell below an objective standard of reasonableness by failing to object on grounds that did not yet exist. The Tenth Circuit has "rejected ineffective assistance claims where a defendant 'faults his former counsel not for failing to find existing law, but for failing to predict future law' and have warned 'that clairvoyance is not a required attribute of effective representation.'"[17] Thus, counsel's performance was not deficient.[18] Additionally, Petitioner can show no prejudice. The Tenth Circuit specifically stated that "it would be too speculative to suppose that the court would reduce the sentence further under *Booker*."[19] Therefore, Petitioner's ineffective assistance claim fails.

B.    *BLAKELY/BOOKER* ISSUES

Petitioner's next argument centers on the recent Supreme Court cases of *Blakely v. Washington*[20] and *United States v. Booker*.[21] Petitioner argues that the Court's findings resulting

---

[16]Case No. 2:02-CR-87, Docket No. 408, at 14.

[17]*Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (quoting *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995)).

[18]*See United States v. Phillips*, 204 Fed.Appx. 765, 766–67 (10th Cir. 2006) (holding counsel's failure to anticipate *Booker* was not ineffective assistance).

[19]Case No. 2:02-CR-87, Docket No. 408, at 13.

[20]540 U.S. 965 (2004).

[21]125 S.Ct. 738 (2005).

in an increase in Petitioner's sentencing guidelines offense level—based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt—were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[22]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[23]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[24]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[25]  Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

C.    *CUNNINGHAM v. CALIFORNIA*

Petitioner's final arguement is that his sentence is unconstitutional under the recent Supreme Court case of *Cunningham v. California*.[26]  In *Cunningham*, the Court reviewed California's determinate sentencing law.  The Court held that the determinate sentencing law, which assigns the trial judge the authority to find facts that expose a defendant to an elevated

---

[22]*Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[23]125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[24]*United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[25]*United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

[26]127 S.Ct. 856 (2007).

7

"upper term" sentence, unconstitutional.[27]  The Court reaffirmed its earlier ruling that the federal

sentencing guidelines were constitutional.[28]

Petitioner argues that his sentence is void as a result of *Cunningham*.  The Court can find

no reason why Petitioner's sentence would be rendered void as a result of the Court's decision in

*Cunningham*.  As a result, Petitioner's claim is without merit.

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant

to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:07-CV-179 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an

evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

DATED this 17th day of August,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27]*Id*. at 871.

[28]*Id*. at 870.

8